UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANTO CARRERO SILVA,

               Plaintiff,

-against-

ANTHONY J. ANNUCCI, ACTING COMMISSIONER; LYNN J. LILLEY, SUPERINTENDENT (ECF); EASTERN CORRECTIONAL FACILITY MEDICAL DEPARTMENT,

               Defendants.

22-CV-7635 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Eastern Correctional Facility in Napanoch, Ulster County, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights.[1] The complaint can also be construed as asserting claims under Title II of the Americans with Disabilities Act of 1990. Named as Defendants are Acting Commissioner of the New York State Department of Corrections and Community Supervision Anthony J. Annucci, Eastern Correctional Facility Superintendent Lynn J. Lilley, and Eastern Correctional Facility's "Medical Department." Plaintiff provides an Albany, New York, address for Annucci, and Napanoch, New York, addresses for Lilley and the Medical Department. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

---

[1] By order dated September 8, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis*, that is, without prepayment of fees.

## DISCUSSION

Under the relevant venue provision, claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that he was told he was going to have surgery on one toe, but he learned after the surgery that the doctors had operated on three additional toes. Plaintiff, who is deaf and speaks only Spanish, further alleges and that he was not provided with an interpreter on the day of the operation or during his pre-operation consultations. Plaintiff states that the events giving rise to his claims occurred at Eastern Correctional Facility, which is located in Napanoch, New York, and alleges that his pre-operation procedures and the operation itself occurred at Albany Medical Center, which is located in Albany, New York.[2]

Plaintiff does not plead the residence of any of the defendants, but he provides an Albany, New York, work address for Annucci, and Napanoch, New York, work addresses for Lilley and

---

[2] Plaintiff may have been incarcerated at Sullivan Correction Facility when he was initially told that he needed surgery on only one toe, *see* ECF 2, at 47, but he does not name any defendants who were employed at Sullivan Correctional Facility.

the Eastern Correctional Facility Medical Department. Albany is located in Albany County and Napanoch is located in Ulster County. Both Albany County and Ulster County fall within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Northern District of New York. Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Albany and Ulster Counties, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. A substantial part of the underlying events or omissions occurred in Albany and Ulster Counties, where Plaintiff is incarcerated, where the surgery occurred, and where most Defendants appear to reside, and it is reasonable to expect that all relevant documents and witnesses also would be in Albany and Ulster Counties. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 22, 2022
         New York, New York

                                                      /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                              Chief United States District Judge