UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANTO CARRERO SILVA,

                         Plaintiff,

     v.                                            9:22-CV-1020
                                                            (TJM/DJS)

ANTHONY J. ANNUCCI, et al.,

                         Defendants.

---

APPEARANCES:

SANTO CARRERO SILVA
Plaintiff, pro se
13-A-3235
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

      This action was commenced on or about September 6, 2022, in the United States District Court for the Southern District of New York ("Southern District") by pro se plaintiff Santo Carrero Silva ("plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Eastern Correctional Facility ("Eastern C.F."). Dkt. No. 2 ("Compl."). At the time plaintiff filed his complaint, he also applied to proceed in the action in forma pauperis ("IFP"). Dkt. No. 1. By Order filed on September 8, 2022, the Southern District granted plaintiff's IFP application. Dkt. No. 4.

On September 22, 2022, Southern District Chief Judge Laura Taylor Swain transferred this matter to this District because all of the facts giving rise to plaintiff's claims occurred in Albany County or Ulster County, both of which are located in this District.  Dkt. No. 5.  The Southern District did not analyze the sufficiency of the claims, leaving that review for this Court.  Upon receipt of the transfer, the Clerk of this Court opened this action and forwarded plaintiff's complaint to the Court for review.

## II.     SUFFICIENCY OF THE COMPLAINT

### A.  Standard of Review

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim

---

[1]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8

3

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of the Complaint[2]

The following facts are set forth as alleged by plaintiff in his complaint.

On December 9, 2016, plaintiff, who is deaf and fluent in Spanish, underwent a surgical procedure performed by Dr. Mark Duane Lentini, at Albany Medical Center.[3] Compl. at 39, 41, 46. Prior to the operation, plaintiff was not provided with an interpreter to explain the release or consent forms. *Id*. at 41. A nurse practitioner at Sullivan Correctional Facility told plaintiff that the procedure would be performed on "one toe of [his] foot[.]" *Id*. at 39, 47. After the operation, plaintiff learned that "doctors" had amputated four of his toes. *Id.*

Construed liberally,[4] the complaint contains Eighth Amendment deliberate medical

---

[2] The complaint includes exhibits. *See* Dkt. No. 2 at 7-126. To the extent that the exhibits annexed to the complaint are relevant to the incidents described in the pleading, the Court will consider the complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[3] Dr. Lentini is not a defendant herein.

[4] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal


indifference claims, medical malpractice claims, and negligence claims. Compl. at 13, 45. The named defendants are Anthony J. Annucci ("Annucci"), Lynn L. Lilley ("Lilley"), and the Eastern Correctional Facility Medical Department. *Id*. at 3. Plaintiff seeks monetary damages. *Id*. at 5. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III. ANALYSIS

### A. Claims Against Annucci and Lilley

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*,

---

claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

5

556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").

In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability.").  "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id*. (quoting *Iqbal*, 556 U.S. at 676).

Upon review, the complaint fails to implicate Annucci or Lilley in any unconstitutional conduct.  Plaintiff identified Annucci and Lilley as defendants in the caption of the complaint and in the list of parties.  Compl. at 1, 3.  However, plaintiff has not plead facts suggesting that the defendants were personally involved in any alleged constitutional violation.  Indeed, the defendants is not referenced anywhere in the body of the complaint or in the exhibits annexed to the pleading.  In the absence of factual allegations sufficient to plausibly suggest that Annucci or Lilley was personally involved in conduct that violated plaintiff's constitutional rights, the complaint fails to state a cognizable claim against them.  *See Cipriani v. Buffardi*, No. 06–CV–0889 (GTS/DRH), 2007 WL 607341, *1 (N.D.N.Y. Feb.20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.") (citation omitted); *see also Casino v. Rohl,* No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's personal involvement in any of the

constitutional deprivations alleged in the amended complaint).

### B. Claims Against "Medical Department"

In the complaint, plaintiff identified the Eastern Correctional Facility Medical Department as a defendant. Compl. at 1, 3.

"The word 'person' contained within Section 1983 has been interpreted to mean that a plaintiff cannot seek relief 'directly from the state or one of its agencies without naming a government official as a defendant.' " *Ferguson v. Morgan*, No. 90 CIV. 6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (citing *Will v. Michigan Dep't of State Police*, 109 S.Ct. 2304, 491 U.S. 58 105 L.Ed.2d 45 (1989)). Here, the use of the term, "medical department" as a name for alleged defendants is not adequate to state a claim against a "person" as required in § 1983 actions. *See Ferguson*, 1991 WL 115759, at *1 ("The allegations plaintiff makes against the Otisville Correctional Facility Medical Staff are not sufficient to state a cause of action."). Accordingly, plaintiff's claims against the Medical Department at Eastern C.F. are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. State Law Claims

Plaintiff also asserts state law negligence and/or medical malpractice claims. *See* Compl. at 2. However, in light of the dismissal of plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims at this juncture. *See* 28 U.S.C. § 1367(c)(3); *Valencia v. Sung M. Lee*, 316 F.3d 299, 306 (2d Cir. 2003).

### D. Timeliness

Even assuming the complaint contained allegations sufficient to state constitutional claims, the issue of timeliness must be addressed. In Section 1983 actions, the applicable

statute of limitations is the State's "general or residual statute for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)) (alterations omitted).  In New York, a three year statute of limitations applies for personal injury actions and thus to Section 1983 actions.  *Id*.; *see also* N.Y. C.P.L.R. § 214(5).  Although the statute of limitations is an affirmative defense, and must generally await a defense motion, dismissal is appropriate when the facts supporting the statute of limitations defense are set forth in the papers that the plaintiff submits. *Messeroux v. Maimonides Medical Ctr.*, No. 11-CV-5343, 2013 WL 2414690, at *1 (E.D.N.Y. May 31, 2013) (citing *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (noting that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if an affirmative defense, such as the statute of limitations, "appears on the face of the complaint").

Federal law determines when a Section 1983 action accrues, which has been held to be the time "when the plaintiff knows or has reason to know of the harm."  *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted).  Thus, in determining when a particular claim accrues, courts must focus on when "the plaintiff knows or has reason to know the injury which is the basis of his action."  *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)). That is so even if "the full extent of the injury is not then known or predictable."  *Fahs Const. Group, Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam).

For example, a deliberate indifference claim accrues "when the plaintiff knows or has

8

reason to know of the harm". *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)[5]; *Povoski v. Lacy*, No. 9:14-CV-97 (BKS/CFH), 2017 WL 9511094, at *8 (N.D.N.Y. Dec. 13, 2017).

Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Here, plaintiff signed the complaint on August 21, 2022. *See* Compl. at 6. Thus, in the absence of some basis for tolling or disregarding the limitations period, any claim that accrued before August 21, 2019 is subject to dismissal as untimely asserted.

In this case, the claims accrued before August 22, 2019. As a result, these claims are subject to dismissal as untimely filed unless plaintiff is able to demonstrate that the limitations period with respect to any of these claims was tolled, or that any of these claims are otherwise timely. *See Abbas v. Dixon*, 480 F.3d 363, 640-41 (2d Cir. 2007) (a District Court should not dismiss a complaint as time-barred without providing a pro se plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered timely.).

In the event plaintiff wishes to file an amended complaint with respect to any of these

---

[5] In *Shomo*, the Second Circuit held that the continuing violation doctrine could apply in a Section 1983 case where "a prisoner challenge[d] a series of acts that together comprise [a constitutional] claim of deliberate indifference to serious medical needs." *Shomo*, 579 F.3d at 182. The court clarified, however, that because "the continuing violation doctrine can apply ... does not mean it must." *Id*. at 180. Indeed, "[t]o assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of [deliberate indifference] and some non-time-barred acts taken in the furtherance of that policy.'" *JCG v. Ercole*, No. 11-CV-6844, 2014 WL 1630815, at *9 (S.D.N.Y. Apr. 24, 2014) (quoting *Shomo*, 579 F.3d at 180-81), *report and recommendation adopted by* 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

9

claims, plaintiff is advised that any amended complaint must set forth a short and plain statement addressing the timeliness of these claims.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted;[6] and it is further

**ORDERED** that if Plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within thirty (30) days from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

---

[6] Should plaintiff seek to pursue one or more of the claims dismissed without prejudice by the Court herein, he must file an amended complaint. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

**DATED:** November 8, 2022

Thomas J. McAvoy
Senior, U.S. District Judge